**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KIMBERLY JEAN GARRETT,

      Petitioner,                    Civil No. 2:17-CV-13507
                                    HONORABLE ARTHUR J. TARNOW
v.                                  UNITED STATES DISTRICT JUDGE

SHAWN BREWER,

      Respondent,
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Kimberly Jean Garrett, ("Petitioner"), confined at the Huron Valley Women's Complex in Ypsilanti, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her conviction for second-degree murder, M.C.L.A. § 750.317, and operating a motor vehicle while intoxicated causing death, M.C.L.A. § 257.625(4)(a). For the reasons that follow, the petition for writ of habeas corpus is DENIED.

### I. Background

Petitioner pleaded no-contest to the above charges in the Wayne County Circuit Court. In exchange for the plea, the prosecutor agreed to dismiss several other charges against petitioner. The parties also agreed that petitioner would be sentenced to 25 to 50 years in prison. (Tr. 10/16/15, pp. 3-5). Petitioner

1

acknowledged on the record that this was her understanding of the plea and sentence agreement. (*Id.,* p. 5). The prosecutor and defense counsel indicated that petitioner would be pleading no-contest because she had no memory of the incident. (*Id.,* pp. 7-8). Petitioner was advised of the rights that she was giving up by pleading no-contest. (*Id.,* pp. 8-11). In response to the judge's questions, petitioner expressly denied that she had been coerced or threatened into pleading no-contest. Petitioner also acknowledged that by entering her plea, she could not later claim that she had been threatened or coerced into pleading no-contest. (*Id.,* p. 10).

In order to establish a factual basis for the plea, the prosecutor introduced the Westland Police Request for Warrant Investigator's Report, dated June 20, 2015. The report indicated that petitioner had been driving her car at a high rate of speed in a residential neighborhood with "small narrow streets and tightly packed houses." Petitioner swerved off the road into a ditch, striking and killing the victim, an eight year old child. Petitioner swerved back onto the road and left the area at a high rate of speed. A driver of another vehicle followed petitioner until she was arrested shortly thereafter. Petitioner admitted that she was intoxicated while driving. Tests showed petitioner had used heroin, cocaine, oxycodone, and alprazolam prior to driving her vehicle. Petitioner admitted that she should not have been driving because she had a restricted driver's license

due to her being on probation for a prior Operating While Intoxicated conviction. (Tr. 10/16/15, pp. 11-14).

Petitioner was sentenced to concurrent sentences of 25-50 years on the second-degree murder conviction and 10-15 years on the operating a motor vehicle while intoxicated causing death conviction.

Petitioner, through appellate counsel, filed a motion to withdraw her plea or in the alternative, for re-sentencing. The motion was denied. (Tr. 6/3/16, pp. 10-11, 16).

Petitioner's conviction and sentence was affirmed on appeal. *People v. Garrett,* No. 333533 (Mich.Ct.App. Oct. 25, 2016); *lv. Den.* 500 Mich. 984, 893 N.W.2d 616 (2017).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Defendant's state and federal constitutional rights were violated when she was coerced into taking a plea because her attorney was not acting in her best interest and coached her to take a plea when there were insufficient facts to support the plea and the prosecutor had overcharged.

II. Ms. Garrett is entitled to resentencing where the sentencing guidelines were misscored in violation of the state and federal due process right to sentencing based upon accurate information and defense counsel was ineffective.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for

habeas cases:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be
> granted with respect to any claim that was adjudicated on the merits
> in State court proceedings unless the adjudication of the claim–
>
> > (1)    resulted in a decision that was contrary to, or
> > involved an unreasonable application of, clearly
> > established Federal law, as determined by the
> > Supreme Court of the United States; or
> > (2)    resulted in a decision that was based on an
> > unreasonable determination of the facts in light of the
> > evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if

the state court arrives at a conclusion opposite to that reached by the Supreme

Court on a question of law or if the state court decides a case differently than the

Supreme Court has on a set of materially indistinguishable facts. *Williams v.*

*Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs

when "a state court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may

not "issue the writ simply because that court concludes in its independent

judgment that the relevant state-court decision applied clearly established

federal law erroneously or incorrectly." *Id.* at 410-11.  "[A] state court's

determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

The Michigan Court of Appeals denied petitioner's application for leave to appeal on petitioner's direct appeal in a form order "for lack of merit in the grounds presented." The Michigan Supreme Court subsequently denied the petitioner leave to appeal in a standard form order without any extended discussion. Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. *Harrington*, 562 U.S. at 98. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id.* at 99-100.

The AEDPA deferential standard of review applies in this case where the Michigan Court of Appeals rejected petitioner's appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order, because these orders amounted to a decision on the merits. See *Werth v. Bell*, 692 F. 3d 486, 492-94 (6th Cir. 2012).

### III.  Discussion

**A.  Claim # 1.  The involuntary plea/ineffective assistance of counsel claim.**

Petitioner first contends that she should be permitted to withdraw her no-contest plea.  Petitioner claims that she was coerced into pleading by her attorney, that there was insufficient evidence to support the charges filed against her, and that there was no factual basis for her plea.

Petitioner has no federal constitutional right to withdraw her no-contest plea. *See Hynes v. Birkett,* 526 F. App'x. 515, 521 (6th Cir. 2013).  Unless a petitioner's guilty or no-contest plea otherwise violated a clearly-established constitutional right, whether to allow the withdrawal of a habeas petitioner's plea is discretionary with the state trial court. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005).  Moreover, "[i]t is well-settled that post-sentencing 'buyer's remorse' is not a valid basis" to set aside an otherwise valid guilty or no-contest plea. *Meek v. Bergh*, 526 F. App'x. 530, 536 (6th Cir. 2013)(internal quotations omitted).

A guilty or no-contest plea that is entered in state court must be voluntarily and intelligently made. *See Shanks,* 387 F. Supp. 2d at 749; *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004)(both citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)).  In order for a plea of guilty or no-contest to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his or her plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991).  The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994).  When a petitioner brings a federal habeas petition challenging his plea of guilty or no-contest, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993).  The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness.  Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*

Petitioner's claim that she was coerced into pleading no-contest is defeated by the fact that petitioner stated on the record at the plea hearing that no threats or coercion had been made to get her to plead no-contest and that she was pleading freely and voluntarily.  Petitioner's bare claim that she was coerced into pleading no-contest is insufficient to overcome the presumption of

verity which attaches to petitioner's statements during the plea colloquy, in which she denied that any threats had been used to get petitioner to enter her plea. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d at 750-51.  Moreover, the Sixth Circuit has noted that "[w]here a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker." *United States v. Spencer,* 836 F. 2d 236, 239 (6th Cir. 1987). Because petitioner knew about this alleged coercion at the time that she entered her plea, her unexplained delay in bringing this alleged coercion to the attention of the trial court until months later in her motion to withdraw the no-contest plea and after she had been sentenced undermines the credibility of her claim that she was coerced into pleading. *See United States v. Ford,* 15 F. App'x. 303, 309 (6th Cir. 2001).  Finally, petitioner has presented no extrinsic evidence, either to the state courts, or to this Court, to substantiate her claim that her plea was made as the result of threats or duress from defense counsel, so as to justify vacating her plea. *See Spencer,* 836 F. 2d at 240-41.

To the extent that petitioner claims that there was an insufficient factual basis to support her no-contest plea, she would not be entitled to habeas relief. A claim that there was an insufficient factual basis for a guilty plea is non-cognizable on habeas review. *See Watkins v. Lafler*, 517 F. App'x. 488, 500 (6th Cir. 2013).  There is no federal constitutional requirement that a factual basis be established to support a guilty plea. See *Roddy v. Black,* 516 F. 2d 1380, 1385

(6th Cir. 1975).  Although M.C.R. 6.302(D)(1) requires that a factual basis must be elicited from a defendant prior to accepting his or her guilty plea, no federal constitutional issue is raised by the failure of a Michigan trial court to comply with a state law or court rule concerning establishing the factual basis of a guilty plea. *Watkins,* 517 F. App'x.  "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning,* 69 F. 3d 107, 111 (6th Cir. 1995).  Thus, petitioner's claim that there was an insufficient factual basis to support her no-contest plea is non-cognizable on habeas review. *See Bonior v. Conerly*, 416 F. App'x. 475, 477-78 (6th Cir. 2010).

Moreover, any claim by petitioner that there was insufficient evidence to convict her of these crimes has been waived by petitioner's plea.   An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Seeger v. Straub*, 29 F. Supp. 2d 385, 390 (E.D. Mich. 1998).  A no-contest plea also constitutes a waiver of all non-jurisdictional defects. *United States v. Freed,* 688 F. 2d 24, 25 (6th Cir. 1982); *See also Shanks v. Wolfenbarger,* 387 F. Supp. 2d at 747.  Petitioner's no contest plea waives any challenge to the sufficiency of the evidence to convict her. *See Post v. Bradshaw,* 621 F. 3d 406, 426-27 (6th Cir. 2010).  Petitioner's claim that she was overcharged was also waived by her

no-contest plea. *See People v. Stevens*, 130 Mich. App. 1, 4, 343 N.W. 2d 219 (1983); *See also Rodriguez v. Curtin*, No. 09-CV-15011, 2012 WL 1033362, at *6 (E.D. Mich. Mar. 27, 2012)(petitioner's claim that prosecutor abused discretion by charging him as an adult waived by guilty plea).

Petitioner in the alternative argues that trial counsel was ineffective for advising her to plead no-contest to the charges.

In order to establish an ineffective assistance of counsel claim, a defendant must satisfy a two prong test. First, the defendant must establish that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his or her defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

The Supreme Court has noted that:

Acknowledging guilt and accepting responsibility by an early plea respond to certain basic premises in the law and its function. Those principles are eroded if a guilty plea is too easily set aside based on facts and circumstances not apparent to a competent attorney when actions and advice leading to the plea took place. Plea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks. The opportunities, of course, include pleading to a lesser charge and obtaining a lesser sentence, as compared with what might be the outcome not only at trial but also from a later plea offer if the case grows stronger and prosecutors find stiffened resolve. A risk, in addition to the obvious one of losing the chance for a defense verdict, is that an early plea bargain might come before the prosecution finds its case is getting weaker, not stronger. The State's case can begin to fall apart as stories change, witnesses become unavailable, and new suspects are identified.

*Premo v. Moore,* 562 U.S. 115, 124-25 (2011).

The Supreme Court further admonished:

These considerations make strict adherence to the *Strickland* standard all the more essential when reviewing the choices an attorney made at the plea bargain stage. Failure to respect the latitude *Strickland* requires can create at least two problems in the plea context. First, the potential for the distortions and imbalance that can inhere in a hindsight perspective may become all too real. The art of negotiation is at least as nuanced as the art of trial advocacy and it presents questions farther removed from immediate judicial supervision. There are, moreover, special difficulties in evaluating the basis for counsel's judgment: An attorney often has insights borne of past dealings with the same prosecutor or court, and the record at the pretrial stage is never as full as it is after a trial. In determining how searching and exacting their review must be, habeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel. AEDPA compounds the imperative of judicial caution.

Second, ineffective-assistance claims that lack necessary foundation may bring instability to the very process the inquiry seeks to protect. *Strickland* allows a defendant "to escape rules of waiver and

forfeiture,".  Prosecutors must have assurance that a plea will not be undone years later because of infidelity to the requirements of AEDPA and the teachings of *Strickland*.  The prospect that a plea deal will afterwards be unraveled when a court second-guesses counsel's decisions while failing to accord the latitude *Strickland* mandates or disregarding the structure dictated by AEDPA could lead prosecutors to forgo plea bargains that would benefit defendants, a result favorable to no one.

*Premo,* 562 U.S. at 125 (internal citations and quotations omitted).

More importantly, in order to establish the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty or no-contest plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty or no-contest, but would have insisted on going to trial. *Premo,* 562 U.S. at 129 (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)).  An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59. The Sixth Circuit interprets *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, petitioner would likely have gone to trial instead of pleading guilty. *See Maples v. Stegall,* 340 F. 3d 433, 440 (6th Cir. 2003).  The petitioner must therefore show a reasonable probability that but for counsel's errors, he or she would not have pleaded guilty or no-contest, because there would have been a reasonable chance that he or she would have

been acquitted had he or she insisted on going to trial. *See Garrison v. Elo,* 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001).

Petitioner failed to show a reasonable probability that she could have prevailed had she insisted on going to trial, or that she would have received a lesser sentence than she did by pleading no-contest. *See Shanks,* 387 F. Supp. 2d at 750.

Petitioner argues that counsel was ineffective to plead her to the second-degree murder charge because there was insufficient evidence to sustain such a charge.  Under Michigan law, the elements of second-degree murder are: (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse. *See Stewart v. Wolfenbarger,* 595 F. 3d 647, 654 (6th Cir. 2010)(citing *People v. Goecke*, 457 Mich. 442 463-64; 579 N.W.2d 868 (1998)). "[M]alice is defined as the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *Id.* (citing *People v. Aaron*, 409 Mich. 672, 728; 299 N.W.2d 304 (1980)). Additionally, "[t]he offense of second-degree murder 'does not require an actual intent to harm or kill, but only the intent to do an act that is in obvious disregard of life-endangering consequences.'" *Stewart,* 595 F. 3d at 658 (quoting *People v. Aldrich*, 246 Mich.App. 101, 123; 631 N.W.2d 67 (2001)).

Numerous cases have held that the malice aforethought required for second-degree murder can be inferred from a defendant's act of driving a motor vehicle erratically while under the influence of liquor or narcotics, particularly at high rates of speed, because such an action evinces a wanton and willful disregard of the likelihood that the natural tendency of such behavior would be to cause death or great bodily harm. *See People v. Goecke*, 457 Mich. at 471-72 (evidence sufficient to support defendant's conviction for second-degree murder; testimony established that the defendant lived within one mile of the scene of the accident, had a blood-alcohol content of 0.18 percent, drove well in excess of the speed limit, ran a red stoplight, drove through an intersection at a time when he could have seen at least three vehicles properly traveling through the intersection, narrowly missed hitting two cars before hitting the victims' car, and killed two people); *See also Aldrich v. Bock,* 327 F. Supp. 2d 743, 763 (E.D. Mich. 2004)(malice aforethought to support submit second degree murder conviction supported by evidence of alcohol impairment and drag racing at excessive rates of speed); *People v. Werner*, 254 Mich. App. 528, 532-33; 659 N.W. 2d 688, 693 (2002)(evidence was sufficient to support conviction for second-degree murder; defendant drove after becoming seriously intoxicated, defendant knew from a recent prior incident that if he drank, he might experience a blackout and drive recklessly and irresponsibly, and defendant knew, from a recent prior incident, that his drinking did more than simply impair his judgment

and reflexes); *Hoskinson v. Bock*, 8 F. App'x. 558, 560-61 (6th Cir. 2001)(evidence of malice was sufficient to support conviction for second-degree murder, in prosecution of petitioner who was driving while intoxicated; petitioner was highly intoxicated when he left bar, having twice backed into same parked vehicle, his passengers advised him to slow down, but petitioner drove at high rate of speed through residential neighborhood, swerved to avoid hitting a stopped car, ran through a stop sign, and nearly hit another car, before driving over curb and striking victim, and then continued to drive for several blocks, even though passengers had jumped from moving vehicle and informed him that he had hit child); [1] *People v. Mayhew*, 236 Mich.App. 112, 125-26; 600 N.W.2d 370 (1999)(evidence that defendant had been warned several hours earlier that loose sway bar on his vehicle could cause vehicle to fishtail and lose control, but had nonetheless driven at excessive speeds while weaving through traffic and cutting off other drivers, and that fatal accident occurred when defendant's vehicle fishtailed as he turned too sharply to get into another lane, was sufficient to support charge for second degree murder); *People v. Miller,* 198 Mich.App. 494, 498; 499 N.W.2d 373 (1993)(evidence supported conviction for second-degree murder; after arguing with passenger, who was his girlfriend,

---

[1]  The petitioner in *Hoskinson* had been one of several defendants whose cases had been consolidated in *People v. Goecke, supra.*  The Court cites Hoskinson's federal habeas case separately to demonstrate that a similar sufficiency of evidence argument as the one brought by petitioner was rejected on habeas review by the Sixth Circuit.

because she wanted to leave a party, intoxicated defendant endeavored to take her home and went speeding down highway, straddling lanes and running red lights, before colliding with another vehicle).

The evidence establishes that petitioner was already on probation for Operating While Intoxicated and was not supposed to be driving because she only had a restricted license. Petitioner decided to drive a motor vehicle after ingesting several narcotic drugs. Petitioner drove erratically at high rates of speed in a residential neighborhood with narrow streets. While driving in such a fashion, petitioner drove off the road, hitting and killing the victim. Petitioner then took off at a high rate of speed. The facts of this case clearly support a finding of second-degree murder. Petitioner is not entitled to relief on her ineffective assistance of counsel claim because she failed to identify any viable defense she had to the charges. Petitioner is not entitled to relief on her first claim.

### B. Claim # 2. The sentencing guidelines/ineffective assistance of counsel claim.

Petitioner next claims that her sentencing guidelines were incorrectly scored and that trial counsel was ineffective for failing to object.

Petitioner's claim that the state trial court incorrectly scored or calculated her sentencing guidelines range under the Michigan Sentencing Guidelines is not cognizable for federal habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252 F. App'x. 724, 725 (6th Cir. 2007)*; Howard v.*

*White,* 76 F. App'x. 52, 53 (6th Cir. 2003). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). Petitioner's claim that the state trial court improperly departed above the correct sentencing guidelines range does not provide a basis for habeas relief, because such a departure does not violate any of petitioner's federal due process rights. *Austin v. Jackson*, 213 F. 3d 298, 301 (6th Cir. 2000).

Petitioner further argues that trial counsel was ineffective for failing to object to the scoring of the guidelines.

A right to the effective assistance of counsel exists during sentencing in both noncapital and capital cases. *See Lafler v. Cooper*, 566 U.S. 156, 165 (2012). Although sentencing does not involve a criminal defendant's guilt or innocence, "ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Id.,* (*quoting Glover v. United States*, 531 U.S. 198, 203 (2001)).

The trial court sentenced petitioner to twenty five to fifty years in prison on the second-degree murder conviction and a concurrent sentence of ten to fifteen years, which was in conformity with the plea and sentence agreement entered into by the parties. In light of the fact that the trial court sentenced petitioner to

the sentence that she agreed upon as part of the plea and sentence bargain, petitioner is unable to establish that counsel was ineffective for failing to object to the scoring of the sentencing guidelines. *See Whitaker v. U.S.,* 186 F. App'x. 571, 573-74 (6th Cir. 2006); *See also U.S. v. Smith,* 143 F. App'x. 559, 561 (5th Cir. 2005).

## C. A certificate of appealability.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. [2] 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate

---

[2] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

The Court will deny a certificate of appealability, because jurists of reason would not find the Court's resolution of the claims to be debatable.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Id.* at 765. Petitioner may proceed *in forma pauperis* on appeal. *Id.*

## IV. CONCLUSION

For the reasons stated above, this Court concludes that Petitioner Garrett is not entitled to federal-habeas relief on the claims presented in her petition.

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is

**DENIED WITH PREJUDICE**. (Dkt. # 1).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner will be granted leave to appeal

*in forma pauperis.*

S/Arthur J. Tarnow

Arthur J. Tarnow

Dated:  March 27, 2018          Senior United States District Judge